IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICK BROWN, ) | | |
| Plaintiff ) | C.A. No. 10-134 Erie | |
| ) | | |
| v ) | District Judge McLaughlin | |
| ) | Magistrate Judge Baxter | |
| EQUITY, et al., ) | | |
| Defendants ) | | |

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that:
1. Defendant Stretton's motion to dismiss [ECF No. 15] be granted;

2. The Commonwealth Defendants' motion to dismiss complaint and amended complaint [ECF No. 26] be granted;

3. The Judicial Defendants' motion to dismiss Plaintiff's complaint [ECF No. 81] be granted; and

4. The motion to dismiss filed by Defendants McGoldrick, Green, Duckworth, and Dahl [ECF No. 108] be granted.

It is further recommended that, pursuant to the authority granted to courts in the Prison Litigation Reform Act, Plaintiff's claims against Defendants Equity, C.F.C.F., Bob, Ms. Barkley, Carrasquill, and Jones be dismissed, and this case should be closed.

## II. REPORT

### A. Relevant Procedural History

On May 26, 2010, Plaintiff Patrick Brown, an inmate incarcerated at the State Correctional Institution at Forest in Marienville, Pennsylvania ("SCI-Forest"), filed a document entitled "Criminal Complaint - Writ of Mandamus/Injunction," seeking habeas relief and

monetary damages under both 28 U.S.C. § 2241(c)(3) and 42 U.S.C. § 1983, as well as the Patriot Act and the RICO Act. [ECF No. 3]. Since Plaintiff's claims were primarily in the nature of civil rights claims, based upon alleged constitutional violations, the Clerk appropriately docketed the complaint as a civil rights action pursuant to 42 U.S.C. § 1983.

Named as Defendants in the original complaint are: "Equity;" Commonwealth of Pennsylvania ("Commonwealth"); Common Pleas Court of Philadelphia, Pennsylvania ("Phila. C. P. Court"); Common Pleas Court of Erie, Pennsylvania ("Erie C.P. Court"); Jeffery Beard, Secretary of the Pennsylvania Department of Corrections ("Beard"); Raymond J. Sobina, Warden at SCI-Forest ("Sobina"); C.F.C.F. Correctional Prison, Phila., PA ("C.F.C.F."); "Bob," a member of the Philadelphia District Attorney's Office; "Ms. Barkley," an Assistant D.A. with the Philadelphia District Attorney's Office; Tyrone Green ("Green"), "Carrasquill," Michael McGoldrick ("McGoldrick"), and Claire Duckworth ("Duckworth"), detectives with the Philadelphia police department; "Gibson" and "Dahl," police officers with the Philadelphia police department; the Honorable Harold Kane ("Judge Kane") and the Honorable David Savitt ("Judge Savitt"), Judges of the Phila. C.P. Court; Colett Jones, an employee with the Philadelphia Department of Human Services ("Jones"); Cheryl Gill, an employee in the Records Department at SCI-Albion ("Gill"); Emeka Ibemere, Case Worker at SCI-Albion ("Ibemere"); and John Skendell, Unit Manager at SCI-Albion ("Skendell").[1]

On June 4, 2010, Plaintiff filed an amended complaint adding as a Defendant Attorney

---

[1] The docket indicates that Plaintiff failed to serve Defendants Equity, C.F.C.F., Bob, Ms. Barkley, Carrasquill, and Jones, and no appearance has been entered by any attorney on their behalf.

Samuel Stretton ("Stretton"). [ECF No. 8]. Plaintiff subsequently filed a motion to dismiss Defendants Gibson, Dahl, Ibemere, and Skendell [ECF No. 25], which motion was granted by this Court on December 14, 2010. As a result, said Defendants were terminated from this case.

In his complaint, Plaintiff claims that, on or about December 5, 2005, he was "unlawfully seized, kidnapped, and illegally detained, by the Defendants, upon mere allegation of a crime,..." thereby violating "Petitioner's rights in equal protection and notice to 14th due process to the 4th, and Const. Violations in U.S.C.A. 1, 4, 5, 6, 8, 9, 11, 13, 14th to the 4th...." (ECF No. 3, Complaint, at ¶¶ 1-2). Plaintiff claims further that Defendants engaged in a "civil conspiracy to solicitation to kidnapping" in violation of the RICO Act, Patriot Act, and Civil Rights Act. (Id. at ¶¶ 5-6). Plaintiff alleges that he "was never arrested and charge[d] with any crime, prior or present, but is unlawfully being detained upon a false court process, lacking independent probable cause and jurisdiction." (Id. at ¶ 8). As relief Plaintiff seeks habeas relief "up to and including unconditional release," as well as compensatory and punitive damages.

On July 14, 2010, Defendant Stretton filed a motion to dismiss [ECF No. 15], arguing that Plaintiff's claims against him are frivolous and fail to set forth any basis upon which relief may be granted. On July 28, 2010, Defendants Commonwealth, Beard, Sobina, Gill, Ibemere and Skendell,[2] (hereinafter collectively referred to as "Commonwealth Defendants"), filed a motion to dismiss complaint and amended complaint, arguing, *inter alia*, that Plaintiff's claims are barred by the applicable statute of limitations and are frivolous in any event. [ECF No. 26].

---

[2] This motion was filed before the Court granted Plaintiff's motion to dismiss Defendants Ibemere and Skendell from

On October 19, 2010, Defendants Judge Kane, Judge Savitt, Phila. C.P. Court, and Erie C.P. Court (hereinafter referred to as "Judicial Defendants"), filed a motion to dismiss arguing that Plaintiff's claims against them fail to state a cause of action upon which relief may be granted and are barred by judicial immunity and/or the Eleventh Amendment. [ECF No. 81]. On December 7, 2010, Defendants McGoldrick, Green, Duckworth, and Dahl, filed a motion to dismiss arguing that Plaintiff's claims are barred by the applicable statute of limitations. [ECF No. 108]. Plaintiff has filed a brief in response to each of these motions. [ECF Nos. 55, 59, 86, and 117]. This matter is now ripe for consideration.

### B. Relevant Factual History

According to the complaint, Plaintiff was "unlawfully seized, kidnapped, and illegally detained" on December 5, 2005. (ECF No. 3, Complaint, at ¶ 1). The Affidavit of Probable Cause that was prepared by Defendant Green on January 10, 2006, indicates that Plaintiff was arrested on multiple criminal counts stemming from his repeated sexual assault of and/or improper sexual conduct with an 8 year old female between the dates of February 2, 2005 through December 1, 2005. (ECF No. 17-1 at p. 17). Plaintiff was ultimately charged with 12 criminal counts: Rape Forcible Compulsion; IDSI Forcible Compulsion; Aggravated Indecent Assault; Unlawful Contact/Communication with Minor; Sexual Assault; Statutory Sexual Assault; Indecent Assault - Without Consent of Other; Confinement; Corruption of Minors; Simple Assault; False Imprisonment; and Indecent Exposure. (ECF No. 17-1 at p. 20).

---

this case.

Defendant Stretton was appointed to act as Plaintiff's attorney on July 10, 2006. (ECF No. 17-1 at p. 23).

On December 22, 2006, Plaintiff appeared before Defendant Judge Kane and entered a plea of guilty to the counts of Rape Forcible Compulsion, Confinement, and Corruption of Minors. All other counts were nolle prossed. (ECF No. 17-1 at pp. 21-22). As a result of his guilty plea, Plaintiff was sentenced by Defendant Judge Kane to serve a cumulative term of 15 to 30 years of imprisonment. (Id.). Plaintiff did not file a direct appeal from his conviction or sentence.[3]

### C. Standards of Review

#### 1. Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 95 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937 (May 18, 2009)

---

[3] Plaintiff's criminal docket indicates that he did file a petition pursuant to Pennsylvania's Post-Conviction Relief Act on August 11, 2008; however, the disposition of that petition is not noted on the docket. (ECF No. 17-1 at pp. 25-26).

(specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 556, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 22, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 232, quoting Twombly, 550 U.S. at 556 n.3.

The Third Circuit subsequently expounded on the *Twombly/Iqbal/Phillips* line of cases:

> To prevent dismissal, all civil complaints must now set out sufficient factual matter to show that the claim is facially plausible. This then allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct.
>
> * * *
>
> After *Iqbal*, when presented with a motion to dismiss for failure to state a

6

> claim, district courts should conduct a two-part analysis. **First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. In other words, a complaint must do more than allege the plaintiff's entitlement to relief.** A complaint has to show such an entitlement with its facts. As the Supreme Court instructed in *Iqbal*, where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief. This plausibility requirement will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

Fowler v. UPMC Shadyside, ___ F.3d. ___, ___, 2009 WL 2501662, at * 4-5 (3d Cir. Aug. 18, 2009).

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g.,

7

Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### D. Discussion

#### 1. Statute of Limitations

The Commonwealth Defendants and Defendants McGoldrick, Green, Duckworth, and Dahl, assert that Plaintiff's claims are barred by the applicable statute of limitations and should, therefore, be dismissed. The Court agrees.

The federal civil rights laws do not contain a specific statute of limitations for § 1983 actions. However, it is well established that the federal courts must look to the relevant state statute of limitations for personal injury claims to determine the applicable limitations period. Sameric Corp. Del., Inc. v. City of Philadelphia, 142 F.3d 582 (3d Cir. 1998)(internal citations omitted). In this regard, federal courts sitting in Pennsylvania have adopted Pennsylvania's two year personal injury statute of limitations set forth at 42 Pa.C.S.A. § 5524, in determining that a § 1983 claim must be filed no later than two years from the date the cause of action accrued. See Lake v. Arnold, 232 F.2d 360, 368 (3d Cir. 2000); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451 (3d Cir. 1996). Furthermore, a claim under § 1983 accrues when the plaintiff "knew or should have known of the injury upon which [his] claim is based." Sameric, 142 F.3d at 599.

Here, Plaintiff's original Complaint was filed on May 26, 2010; however, it was apparently signed by Plaintiff on May 25, 2010. Thus, for purposes of applying the statute of limitations, this Court will treat May 25, 2010, as the relevant filing date pursuant to the prison mailbox rule. See Commonwealth v. Castro, 766 A.2d 1283, 1287 (Pa.Super. 2001), citing Commonwealth v. Little, 716 A.2d 1287 (Pa.Super. 1998)(in determining the date upon which a prisoner's pleading is filed, Pennsylvania applies the prison mailbox rule, which provides that the "date of delivery of [the pleading] by the [inmate] to the proper prison authority or to a prison mailbox is considered the date of filing of the [pleading]"). Accordingly, any claim concerning an injury of which Plaintiff "knew or should have known" prior to May 25, 2008, is barred by the statute of limitations.

All of Plaintiff's claims arise from his arrest, detention, conviction, and sentence on the criminal charges to which he ultimately pled guilty on December 22, 2006. Thus, the latest possible date on which Plaintiff knew or should have known his claimed injuries occurred was December 22, 2006, well beyond the two-year limitations period. As a result, the motions to dismiss filed by the Commonwealth Defendants [ECF No. 26] and Defendants McGoldrick, Green, Duckworth, and Dahl [ECF No. 108] should be granted, and Plaintiff's claims against said Defendants should be dismissed.[4]

---

[4]

The Court notes that, to the extent Plaintiff attempts to characterize his claims as a habeas corpus claims, the applicable statute of limitations for a habeas corpus action is one-year from the date his judgment of sentence became final. 28 U.S.C. § 2255(d). Since Plaintiff did not file a direct appeal, the limitations period for the filing of a habeas action began on January 21, 2006, upon expiration of the 30-day appeal period. Thus, the statute of limitations for filing a habeas corpus action expired on January 21, 2007, well before the filing of the instant action.

### 2. Absolute Judicial Immunity

Defendant Judge Kane and Judge Savitt argue that Plaintiff's claims against them are barred by the doctrine of absolute judicial immunity. The Court agrees. It is well-settled that judicial officers are immune from damage suits arising out of their official duties. Stump v. Sparkman, 435 U.S. 349 (1978). Judicial immunity is an "immunity from suit, not just from an ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of authority...." Sparkman 435 U.S. at 356.

Judicial immunity may be overcome only when: (i) the challenged actions were not taken in the judge's judicial capacity; or (ii) the challenged actions, "though judicial in nature, were taken in the complete absence of all jurisdiction." Mireles, 502 U.S. at 11-12. In this case, it is beyond question that Defendants Judge Kane and Judge Savitt were acting in their judicial capacities and within their jurisdiction when they presided over Plaintiff's criminal hearings. Thus, Plaintiff's claims against said Defendants are barred by the doctrine of absolute judicial immunity and should be dismissed.

### 3. Eleventh Amendment

Defendants Phila. C.P. Court and Erie C.P. Court contend that Plaintiff's claims against them must be dismissed because they are entitled to immunity under the eleventh amendment to the United States Constitution. The Court agrees. The Eleventh Amendment proscribes actions in the federal courts against, *inter alia*, states and their agencies. Laskaris v. Thornburgh, 661

F.2d 23 (3d Cir. 1981)(Pennsylvania); Mt. Healthy City Board of Education v. Doyle, 429 U.S. 274 (1977)(state agencies). "Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it... a State cannot be sued directly in its own name regardless of the relief sought." Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985), citing Alabama v. Pugh, 438 U.S. 781 (1978).It is well-settled that courts of common pleas are arms of the Commonwealth of Pennsylvania and are, thus, entitled to the same Eleventh Amendment immunity that the Commonwealth enjoys. See Benn v.First Judicial District, 426 F.3d 233, 241 (3d Cir. 2005) (Pennsylvania has a unified state judicial system so judicial districts (i.e. common pleas courts), being an "integral component" of the system, have Eleventh Amendment immunity). See also Bey v. Pennsylvania Department of Corrections, 98 F.Supp.2d 650, 657 (E.D. Pa. 2000), wherein the court summarized well-established law, observing that:

> [t]he Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Thus, under the Eleventh Amendment, absent express consent by the state in question or a clear and unequivocal waiver by Congress, states are immune from suit in federal court. See Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996).

Id.; see also Koslow v. Commonwealth of Pennsylvania, 302 F.3d 161 (3d Cir. 2002).

No exceptions to Eleventh Amendment immunity are applicable here. The Commonwealth of Pennsylvania has not consented to be sued, Wilson v. Vaughn, 1996 WL 426538 at *1 n.2 (E.D.Pa. July 30, 1996), nor has Congress expressly abrogated Pennsylvania's Eleventh Amendment immunity from civil rights suits for damages. Smith v. Luciani, 1998 WL 151803 at *4 (E.D.Pa. March 31, 1998), aff'd, 178 F.3d 1280 (3d Cir. 1999)(Table).

11

Accordingly, Plaintiff's claims against Defendants Phila. C.P. Court and Erie C.P. Court should be dismissed.

### 4. Defendant Stretton

Defendant Stretton argues that Plaintiff's claims against him should be dismissed because they are legally frivolous. Once again, the Court agrees.

The principal arguments raised by Plaintiff are that he was unlawfully seized, "kidnapped" and illegally detained "upon mere allegation of a crime," allegedly without any physical evidence or fact witnesses. As a result, Plaintiff contends that there was no "independent probable cause" to take any action against him. Plaintiff further implies that Defendant Stretton offered ineffective counsel and failed to present a proper defense. Yet, all of these arguments are nullified by the fact that Plaintiff pled guilty to the crimes of rape, confinement, and corruption of minors, and did not thereafter file a direct appeal of his conviction or sentence, or file a timely habeas corpus petition. Thus, any claim asserting or implying that he was falsely charged with crimes he did not commit is patently frivolous and untenable. Accordingly, Defendant Stretton's motion to dismiss Plaintiff's claims against him should be granted.

### 5. Prison Litigation Reform Act

The Prison Litigation Reform Act provides that:

> (b) Grounds for dismissal– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the

> complaint– (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.A. § 1915A. Under Section 1915A, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so. Nieves v. Dragovich, 1997 WL 698490, at *8 (E.D. Pa. 1997)("Under provisions of the Prison Litigation Reform Act codified at 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c), the district courts are required, either on the motion of a party or sua sponte, to dismiss any claims made by an inmate that are frivolous or fail to state a claim upon which relief could be granted.").

The PLRA also amended the statutory provisions with respect to actions brought by prisoners who are proceeding in forma pauperis. See 28 U.S.C. §1915(e)(2)[5]. Under this provision as well, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so by mandatory language. See, e.g., Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim."). In performing a court's mandated function of *sua sponte* reviewing a complaint under 28 U.S.C. § 1915(e) and under § 1915A to determine if it fails to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure

---

[5] Title 28 U.S.C. §1915(e)(2) provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--(B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against

12(b)(6). See, e.g., Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D. Va. 1977) ("Under 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'").

As noted earlier, the following Defendants were never served in this case, in contravention of this Court's orders, and none of them has had an attorney enter an appearance on his or her behalf: Equity, C.F.C.F., Bob, Ms. Barkley, Carrasquill, and Jones. As a result, these Defendants should be dismissed from this case pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, as they were not served within 120 days of the date(s) they were named as Defendants in this case. Furthermore, as it has already been determined that Plaintiff's claims are generally barred by the statute of limitations and/or legally frivolous, the claims against the unserved Defendants should be dismissed in any event pursuant to the authority granted by the PLRA.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that:

1. Defendant Stretton's motion to dismiss [ECF No. 15] be granted;

2. The Commonwealth Defendants' motion to dismiss complaint and amended complaint [ECF No. 26] be granted;

3. The Judicial Defendants' motion to dismiss Plaintiff's complaint [ECF No. 81] be granted; and

4. The motion to dismiss filed by Defendants McGoldrick, Green, Duckworth, and Dahl [ECF No. 108] be granted.

---

a defendant who is immune from such relief."

It is further recommended that, pursuant to the authority granted to courts in the Prison Litigation Reform Act, Plaintiff's claims against Defendants Equity; C.F.C.F. Correctional Prison, Phila. PA; Bob, D.A. Office, Phila. PA; Ms. Barkley; Carrasquill; and Colett Jones be dismissed, and this case should be closed.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of some appellate rights. See <u>Nara v. Frank</u>, 488 F.3d 187 (3d Cir. 2007).

                                                                          S/Susan Paradise Baxter
                                                                          SUSAN PARADISE BAXTER
                                                                          United States Magistrate Judge

Dated: March 1, 2011

cc:     The Honorable Sean J. McLaughlin
       United States District Judge